956 F.2d 1167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard H. PARSON, Petitioner-Appellant,
v.
Richard H. RISON, Warden, Respondent-Appellee.
 No. 90-55638.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 2, 1992.
Decided March 9, 1992.
 
 Before CANBY, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In his second habeas petition, Parson brought the following claims: (1) that the Parole Commission acted outside its statutory authority in convicting him for an uncharged offense; (2) that the Parole Commission violated due process by denying him a postponement and not allowing JeLayne Banks to testify;[1] (3) that the Parole Commission violated its own regulations by not providing reasons for imposing a sentence outside of the applicable guidelines; and (4) that the Parole Commission denied him notice of its intention to use, and access to, a 1969 presentence report. Petition for Habeas Corpus [ER 1] at 4-6.
 
 
 3
 Parson's first habeas petition, in the Middle District of Pennsylvania, raised two of these issues. In particular, he argued that he "was not allowed to present witnesses or to confront adverse witnesses at his preliminary hearing nor at his final revocation hearing." Memorandum and Order of the United States District Court for the Middle District of Pennsylvania [ER 20 exhibit C] at 10. This claim covers the same ground as claim (2) in his present petition. He also "object[ed] to the Commission's finding that he was in possession of a firearm at the time of his arrest." Id at 14. This claim is the same as claim (1) in the present petition. As to these two claims, the district court in the present case refused to review petitioner's detention because he failed to meet his burden of showing that the ends of justice would be served by reconsideration of these claims. See Report and Recommendation of United States Magistrate [ER 18] at 6-9; 28 USC § 2244(a). This ruling was not an abuse of discretion. See Neuschafer v. Whitley, 860 F2d 1470, 1474 (9th Cir.1988), cert. denied, 493 US 906 (1989).
 
 
 4
 As to claim (3), the severity of petitioner's sentence, the Commission report stated that "[a]fter review of all relevant factors and information presented, a decision above the guidelines appears warranted because the following circumstances are present: this is the third time you have violated parole on this sentence and you have also had your parole rescinded on two other occasions, thus you are an extremely poor parole risk." Notice of Action [ER 9 exhibit J] at 2. A determination that petitioner is a poor risk is good cause for exceeding the guidelines. See Wallace v. Christensen, 802 F2d 1539, 1554 (9th Cir1986) (en banc) ("The Commission retains the discretion to set presumptive parole dates above or below the Guidelines for 'good cause.' "). We agree with the district court that the Commission's reasons are not arbitrary, irrational or unreasonable. See Report and Recommendation of United States Magistrate [ER 18] at 10; Walker v. United States, 816 F2d 1313, 1316 (9th Cir1987).
 
 
 5
 In claim (4), Parson contends that it was error for the Commission to rely on a 1969 presentence report. The district court found that the Commission did not rely on this report, either as a basis for exceeding the guidelines or for finding petitioner in possession of the shotgun. See Report and Recommendation of United States Magistrate [ER 18] at 12 & n. 11. As this finding is amply supported in the record, we cannot say that it is clearly erroneous.
 
 
 6
 Finally, Parson argues that the revocation hearing violated due process because only one examiner heard the facts.[2] He concedes that this procedure complies with the Parole Commission's regulations. We find his due process argument meritless. Cf. Morrissey v. Brewer, 408 US 471, 490 (1972) ("We have no thought to create an inflexible structure for parole revocation procedures."). Parson was afforded a hearing before a neutral and detached hearing officer; the fact that another examiner may have reviewed the record and made a different legal determination based on the facts found does not rise to the level of a due process violation.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, Parson contends that the Commission's refusal to allow him to confront the Hoquiam police officers was also a denial of due process. Although not presented in his petition, this argument is made in the accompanying "Ex-Parte Brief in Support of Habeas Corpus Hereto Annexed" [ER 3] at 7-8. Construing the pleadings of a pro se litigant liberally, we reach the merits of this claim
 
 
 [2]
 It is unclear whether Parson raised this issue in the district court. Construing his pro se pleadings liberally, we reach the merits of the issue